IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IKRAM ADDUS and PASCO, INC., a Texas Partnership, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-602-L |
| CRAIG P. SCOTT and PASCO, INC., a Louisiana Corporation, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Joint Motion to Dismiss for Lack of Personal Jurisdiction and Supporting Brief, filed April 4, 2005. In the process of reviewing the pending motion and the record, the court **determines** *sua sponte* that, based upon Defendants' March 28, 2005 Joint Notice of Removal and appendix thereto (which includes Plaintiff's Original Petition), it lacks subject matter jurisdiction over this case. Specifically, based on the live pleadings and attachments, the court determines that one of the plaintiffs in this case shares the same citizenship as both Defendants. Since there is not complete diversity, the court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute, they lack the power to adjudicate claims and must dismiss an action if it appears that subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See*

**Memorandum Opinion and Order – Page 1**

*Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves diversity of citizenship. 28 U.S.C. §§ 1331, 1332. This case was removed to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332. *See* Def. Notice of Removal ¶ 1. Diversity is proper only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**Memorandum Opinion and Order – Page 2**

Accordingly, Defendants must establish that complete diversity exists for the court to exercise subject matter jurisdiction.

In their Notice of Removal ("Notice"), Defendants state:

1. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state than all other Defendants. As a result, complete diversity exists.

2. Plaintiff Ikram Addus resides in Texas and is a citizen of Dallas County, Texas.

3. *Plaintiff Pasco, Inc. is a Texas general partnership and has its chief executive office in Dallas County, Texas. Thus, it is a citizen of Texas*.

4. Defendant Craig P. Scott is a resident of Louisiana. Mr. Scott was at the time this action was commenced, and is currently, a citizen of Louisiana.

5. Defendant Pasco, Inc. was at the time this action was commenced, and is currently, a Louisiana corporation whose chief executive office is in Louisiana, and is thus a citizen of the state of Louisiana.

Notice at 1-2 (emphasis added).

As already state above, a partnership's citizenship is determined by the citizenship of each of its partners. *Carden*, 494 U.S. at 195-96. As set forth in Plaintiff's Original Petition, and based on a copy of the executed Partnership Agreement attached thereto (see Notice at Ex. A), the general partners of Plaintiff Pasco, Inc. are Ikram Addus and Craig P. Scott. Ikram Addus is a Texas citizen and Craig P. Scott is a Louisiana citizen. *See* Notice ¶¶ 2,4. Thus, Plaintiff Pasco, Inc. is a citizen of both Texas and Louisiana. As both Defendants are also citizens of Louisiana (*see* Notice ¶¶ 4-5), complete diversity is lacking.[*]

---

[*]That Plaintiff Pasco, Inc. might have an executive office in Dallas County, Texas (*see* Notice ¶ 3) is irrelevant to determining citizenship for diversity purposes, as Pasco, Inc., notwithstanding its name, is a partnership, and not a corporation.

**Memorandum Opinion and Order – Page 3**

In short, because Plaintiff Pasco, Inc. and Defendants Craig P. Scott and Pasco, Inc. are all citizens of the State of Louisiana, complete diversity is lacking in this case, and the court therefore lacks subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), Congress instructs federal courts that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See generally McDonal*, 408 F.3d at 182-83 ("[W]e must first determine whether the district court had jurisdiction to consider this action, because if we find such power lacking, then the case must be remanded [ ] to the state court from which it came.").

In short, the court **determines** *sua sponte* that it lacks the power to adjudicate this case. Accordingly, the court hereby **remands** this action to the 95th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure. Further, as the court lacks subject matter over this action, it does not address the pending motion.

**It is so ordered** this 18th day of November, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge